# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30396
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2015

Lyle W. Cayce
Clerk

GEAUX LIVE DIGITAL, L.L.C.,

Plaintiff - Appellee

v.

TAYLOR AND ROSS ENTERTAINMENT, L.L.C.; GENO TAYLOR; RICKY
ROSS,

Defendants - Appellants

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CV-601

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

The judgment of the district court is affirmed.

Pursuant to an overarching "Loan Agreement," Plaintiff Geaux Live
Digital, L.L.C., loaned Defendant Taylor and Ross Entertainment, L.L.C.,
$500,000 in installments of $200,000, $200,000, and $100,000 and received
three promissory notes in return. Defendants Geno Taylor and Ricky Ross

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

personally guaranteed the debt.  Because the promissory notes have come due, and there has been no payment made on the notes, Plaintiff sued for breach of contract.  After a bench trial, the district court ruled in favor of the Plaintiff and against the Defendants.

Because Defendants say the Plaintiff was late in making its final, $100,000 payment, Plaintiff breached the Loan Agreement and made performance impossible, thus discharging their obligation to repay the debt.  However, at trial, Defendants presented no evidence to support this argument.  Indeed, on appeal, Defendants do not cite to record evidence when claiming Plaintiff's alleged breach rendered them unable "to repay sums which might otherwise be due under the Loan Agreement."  Instead, Defendants cite their own Answer and Counterclaim.  This is not evidence, and Defendants have not shown that the district court clearly erred in rejecting their affirmative defenses.

In addition to asserting Plaintiff's alleged contractual breach as an affirmative defense, Defendants counterclaimed.  The district court dismissed all of Defendants' counterclaims after finding they failed to "present[ ] sufficient evidence or law" to carry their burden.  Defendants appealed this ruling as well but have not adequately briefed the issue.  *See* Fed. R. App. P. 28(a)(8)(A) (appellants must state their "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *see also Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 653 (5th Cir. 2004) ("Issues not raised or inadequately briefed on appeal are waived.").  Defendants do not discuss their counterclaims separate from their affirmative defenses, and they cite no cases germane to the issue of whether the trial court erred in dismissing the counterclaims. Because Defendants cite no case law in support of their argument that Plaintiff is liable for breaching

2

No. 14-30396

the Loan Agreement, the argument is waived.[1]  *See Kohler v. Englade*, 470 F.3d 1104, 1114 (5th Cir. 2006).

Finally, Defendants argue that the district court erred by "granting additional remedies against Rick Ross and Geno Taylor, individually." However, the judgment conforms to the parties' "Security Agreement" and implicates only property that was already "granted to [Plaintiff] as security," or "given by [Defendants] to secure their debt owed to [Plaintiff]," or "given as collateral by [Defendants] to satisfy th[e] judgment," or "granted to [Plaintiff] by [Defendants] as collateral for the indebtedness."  Further, as court-appointed receiver—an appointment provided for in the Security Agreement— Plaintiff has rights to exercise only powers "granted . . . in the Loan Agreement, Security Agreement, Promissory Notes, Personal Guarantee, and substantive laws of the State of Louisiana."  By its terms, the judgment does not grant relief beyond that set forth in the Security Agreement, and the district court did not err.

AFFIRMED.

---

[1] Even at this point, after a bench trial and on appeal, Defendants' theory of breach is unclear.  At trial, counsel for Defendants noted that their Answer and Counterclaim did not allege bad faith breach on the part of Plaintiff and said it would be "disingenuous" to argue bad faith breach.  Nonetheless, on appeal, Defendants contend they "asserted in their answer and counterclaim," among other things, "bad faith performance (or non-performance)," and they argue such "bad faith and prior material breach of the Loan Agreement" caused Defendants' inability to pay the promissory notes.  Consistent with counsel's *original* representations in the district court, Defendants' Answer and Counterclaim does not allege bad faith breach on the part of Plaintiff.  An argument that would be "disingenuous" before the trial court is equally inappropriate on appeal.  In any event, arguments not made before the trial court cannot be raised for the first time on appeal.  *See Lofton v. McNeil Consumer & Specialty Pharm.*, 672 F.3d 372, 380-81 (5th Cir. 2012).